UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-570-RJC
(3:10-cr-86-RJC-DSC-1)

| | |
|---|---|
| **RONNIE LEE NEELY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)," (Doc. No. 8), and Motion for Summary Judgment, (Doc. No. 9).

The Rule 60(b) Motion and Motion for Summary Judgment were filed in case number 3:12-cv-570, which is a § 2255 proceeding that Petitioner voluntarily dismissed in 2013. See (Doc. Nos. 5-7). Petitioner's present Motions do not relate to the civil action, rather, Petitioner seeks relief with regards to the criminal "judgement [sic] of guilty entered … on October 20, 2010."[1] (Doc. No. 8 at 2). As these Motions address the criminal Judgment, the Clerk will be instructed to terminate them in the instant action and docket them in criminal case number 3:10-cr-86-RJC-DSC-1.

The Court hereby notifies Petitioner that it intends to recharacterize his "Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)," (Doc. No. 8), as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Before this Court construes this action as one

---

[1] The Judgment was entered in the criminal case on September 21, 2011. (CR Doc. No. 81). The "judgment" to which Petitioner appears to refer is the jury's guilty verdict. (CR Doc. No. 51).

1

arising under § 2255, Petitioner is entitled to notice and the opportunity to state whether he intended to bring the action as one arising under § 2255. United States v. Castro, 540 U.S. 375, 383 (2003) (a "court cannot … recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."); see United States v. Blackstock, 513 F.3d 128, 134-35 (4th Cir. 2008). Before making that decision, Petitioner should consider that recharacterization will subject subsequent § 2255 motions to vacate to the law's "second or successive" restrictions, so that he may not bring a second or successive motion under § 2255 without first obtaining authorization by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Authorization to file second or successive motions to vacate is rarely granted.

Petitioner shall have **twenty (20) days** in which to inform the Court whether he agrees to recharacterize his Rule 60(b) Motion as a § 2255 Motion to Vacate, or to withdraw it. If Petitioner chooses to proceed under § 2255, he may file, within **twenty (20) days**, a superseding amended § motion to vacate on the enclosed form, subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644 (2005). If Defendant fails to timely respond to this Order, the Court will recharacterize the Rule 60(b) Motion as a § 2255 Motion to Vacate.

Petitioner is further advised that a one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

2

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred motion to vacate is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

On the present record, it appears that a § 2255 motion to vacate would be subject to dismissal as untimely because it was filed more than one year after Petitioner's conviction and sentence became final. The Court will afford Petitioner the opportunity to explain, within **twenty (20) days** of this Order, why his Motion is timely under § 2255. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is instructed to terminate Petitioner's "Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)," (Doc. No. 8), and Motion for Summary Judgment, (Doc. No. 9), in the instant action and docket them in case number 3:10-cr-86.

2. Petitioner shall, within **twenty (20) days** of the date of this Order, inform the Court as to whether he would like for the Court to construe his Rule 60(b) Motion as § 2255 Motion to Vacate, or withdraw it. If Petitioner takes no action with the allotted time, the Court will recharacterize the Rule 60(b) Motion as a § 2255 Motion to Vacate.

3. Petitioner may file, within **twenty (20) days** of the date of this Order, a superseding amended § 2255 motion to vacate on the enclosed form.

4. Petitioner may file, within **twenty (20) days** of the date of this Order, a memorandum explaining why his Motion is timely under § 2255.

5. The Clerk is instructed to mail Petitioner a blank § 2255 form.

Signed: June 16, 2020

Robert J. Conrad, Jr.
United States District Judge